IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:12-CR-_103- MTT_ |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 7 U.S.C. § 2024(b)(1) |
| PAMELA JOHNSON | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C. § 371 |
| | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 1349 |
| _____ | : | |

**THE GRAND JURY CHARGES:**

## COUNT ONE
### (Conspiracy to Commit Food Stamp Program Fraud)

**Introduction**

At all times material to this Indictment:

1)   The Federal Food Stamp Program (also known as the Supplemental Nutrition Assistance Program or "SNAP") is a governmental program administered by the United States Department of Agriculture ("USDA") through Food and Nutrition Services.

2)   The Food Stamp Program was established by Congress to alleviate hunger and malnutrition. The program provides low-income people the opportunity to obtain a more nutritious diet.

3)   Food Stamp benefits are similar to United States currency in that Food Stamp recipients can purchase food from authorized retail participants who are then paid for the food through the Food Stamp settlement process. Food stamp recipients in Georgia receive an allotted amount of Food Stamps per month which they redeem

using an Electronic Benefit Transfer ("EBT") card to make food purchases from the authorized retail participants.

4) Authorized retail participants redeem the Food Stamp benefits through the use of an automatic "point of sale" machine. When a Food Stamp recipient swipes the EBT card linked to their EBT account, the transaction is processed through a "point of sale" machine where JP Morgan Chase Electronic Financial Services ("JPMC-EFS") approves the transaction. JPMC-EFS then settles the transaction with the retailer by moving the funds from the Federal Automated Standard Application for Payments ("ASAP") account in Richmond, Virginia to the retailer's account via Automated Clearing House ("ACH") transactions.

5) Retailers participating in the program are instructed and cautioned that the EBT cards can only be accepted and redeemed in connection with the sale of eligible food items. The participating retailers are instructed that it is illegal to, and that they are prohibited from, debiting the EBT cards for cash. The retailers sign a form attesting to their understanding of the Food Stamp program's rules and regulations.

6) Qualification to receive Food Stamp benefits is based on income and need. Georgia recipients are informed that their EBT cards can be used to purchase food only. Recipients know they cannot purchase alcohol, tobacco items, nor can their EBT card be used in any manner to obtain cash. Further, the recipients are required to sign a Rights and Responsibilities form stating that they agree not to trade their Food Stamp benefits or EBT cards for cash.

7) During the period alleged in this Indictment, Shinholster's Grocery and Market was owned by Elbert Eugene Shinholster. The business is located at 71 Martin Luther King Jr. Road, Irwinton, Georgia, in the Middle District of Georgia.

8) During the period alleged in this Indictment, Shinholster's Grocery and Market was an authorized retail participant in the Federal Food Stamp Program.

### The Conspiracy and its Objects

9) Beginning on at least June 8, 2006, and continuing through on or about February 7, 2011, in the Macon Division of the Middle District of Georgia, Pamela Johnson and Eugene Shinholster, not indicted herein, and others, both known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other, and with others, both known and unknown to the Grand Jury, to commit offense against the United States, that is:

a) to knowingly, intentionally, and willfully devise a scheme and artifice to defraud the Food Stamp Program by using, acquiring, and transferring Food Stamp benefits in a manner contrary to Title 7, United States Code, Section 2011 et. seq., in violation of Title 7, United States Code, Section 2024(b); and

b) to knowingly and willfully devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, or promises, and to transmit or cause to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means of the Conspiracy

The manner and means whereby the conspiracy was sought to be accomplished were as follows:

10) The object of the conspiracy was to get money and funds by the unlawful use of Food Stamp benefits. The conspiracy was carried out by the use of a "point of sale" terminal issued to Elbert Eugene Shinholster d/b/a Shinholster's Grocery and Market, 71 Martin Luther King Jr. Road, Irwinton, Georgia.

11) Pamela Johnson would contact Elbert Eugene Shinholster or another employee at Shinholster's Grocery and Market and request an amount of cash that she wanted to receive from her EBT card.

12) Elbert Eugene Shinholster or another employee at Shinholster's Grocery and Market would then run Pamela Johnson's EBT card and/or EBT card number and PIN number through the "point of sale" machine for an amount which included the amount of cash the defendant requested, any legitimate grocery purchases, as well as a percentage of the cash that Elbert Eugene Shinholster would retain for himself.

13) Pamela Johnson and Elbert Eugene Shinholster would each thereafter retain cash that was taken from Pamela Johnson's EBT card.

## Overt Acts

14) In furtherance of the conspiracy and to effect the objects thereof, the defendant and Elbert Eugene Shinholster, not indicted herein, and others, both known and unknown to the Grand Jury, committed the following overt acts in the Middle District of Georgia:

a)    Beginning on at least June 8, 2006, and continuing through on or about February 7, 2011, at various dates and times, Pamela Johnson contacted Elbert Eugene Shinholster or another employee at Shinholster's Grocery and Market to make arrangements for Pamela Johnson to obtain cash from her EBT card.

b)    Pamela Johnson would provide her EBT card and/or EBT card number along with her Personal Identification Number ("PIN") to allow the transaction to be processed through the "point of sale" terminal at Shinholster's Grocery and Market.

c)    Pamela Johnson's EBT card would then be debited through the "point of sale" terminal at Shinholster's Grocery and Market.  The Food Stamp Program would then credit the bank account for Shinholster's Grocery and Market for the amount that was debited from the defendant's EBT account.

d)    Both Pamela Johnson and Elbert Eugene Shinholster would each thereafter retain an amount of cash from the transaction.

From on or about June 8, 2006, through on or about February 7, 2011, in the Macon Division of the Middle District of Georgia,

**PAMELA JOHNSON,**

defendant herein, did knowingly and willfully conspire and agree with Elbert Eugene Shinholster, not indicted herein, and with others, both known and unknown to the Grand Jury, to commit offenses against the United States, to-wit: to knowingly use the defendant's EBT card in an unauthorized manner contrary to Title 7, United States Code Section 2011 et. seq., by presenting the defendant's assigned EBT card and/or card number and PIN to Shinholster's Grocery and Market to improperly withdraw cash from the defendant's EBT card instead of obtaining food or other permissible grocery

items in violation of the Food Stamp Program in an amount greater than one hundred dollars ($100.00); all in violation of Title 18, United States Code, Section 371 i/c/w Title 7, United States Code, Section 2024(b)(1); and Title 18, United States Code, Section 2.

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

Paragraphs 1 through 14 of Count One of the Indictment are incorporated by reference as if fully set forth herein.

From on or about June 8, 2006, through on or about February 7, 2011, in the Macon Division of the Middle District of Georgia,

**PAMELA JOHNSON,**

defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with Elbert Eugene Shinholster, not indicted herein, and with others, both known and unknown to the Grand Jury, to knowingly devise and participate in a scheme and artifice to defraud the Food Stamp Program, and to obtain money from the Food Stamp Program by means of material false and fraudulent pretenses, representations, and promises, by transmitting and causing to be transmitted by means of wire communication in interstate or foreign commerce, writings, signs, and signals, which were processed through a "point of sale" machine at Shinholster's Grocery and Market which then triggered JPMC-EFS to settle the transaction by moving the funds from the ASAP account in Richmond, Virginia, for the purpose of executing such scheme and artifice; all in violation of Title 18, United States Code, Section 1349 i/c/w Title 18, United States Code, Section 1343.

## COUNT THREE
### (Conspiracy to Commit Food Stamp Program Fraud)

### Introduction

1) Paragraphs 1 through 6 of Count One of the Indictment are incorporated by reference as if fully set forth herein.

2) During the period alleged in this Indictment, Northwind Mini Mart was owned by Alfred Boyd. The only other employee at Northwind Mini Mart was Chiquita Boyd. The business was located at 318 Northwind Circle, McIntyre, Georgia, in the Middle District of Georgia.

3) During the period alleged in this Indictment, Northwind Mini Mart was an authorized retail participant in the Federal Food Stamp Program.

### The Conspiracy and its Objects

4) Beginning on at least November 13, 2009, and continuing through on or about August 7, 2010, in the Macon Division of the Middle District of Georgia, Pamela Johnson and Alfred Boyd, not indicted herein, and Chiquita Boyd, not indicted herein, and others, both known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other, and with others, both known and unknown to the Grand Jury, to commit offense against the United States, that is:

a) to knowingly, intentionally, and willfully devise a scheme and artifice to defraud the Food Stamp Program by using, acquiring, and transferring Food Stamp benefits in a manner contrary to Title 7, United States Code, Section 2011 et. seq., in violation of Title 7, United States Code, Section 2024(b); and

b) to knowingly and willfully devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, or promises,

and to transmit or cause to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means of the Conspiracy

The manner and means whereby the conspiracy was sought to be accomplished were as follows:

5) The object of the conspiracy was to get money and funds by the unlawful use of Food Stamp benefits. The conspiracy was carried out by the use of a "point of sale" terminal issued to Alfred Boyd d/b/a/ Northwind Mini Mart, 318 Northwind Circle, McIntyre, Georgia.

6) Pamela Johnson and others, both known and unknown to the Grand Jury, would contact Alfred Boyd or Chiquita Boyd and request an amount of cash that she or he wanted to receive from Pamela Johnson's EBT card.

7) Alfred Boyd and/or Chiquita Boyd would then run Pamela Johnson's EBT card and/or EBT card number and PIN for an amount which included the amount of cash requested, any legitimate grocery purchases, as well as a percentage of the cash that Alfred Boyd would retain for himself.

8) Pamela Johnson and others, both known and unknown to the Grand Jury, and Alfred Boyd would each thereafter retain cash that was taken from Pamela Johnson's EBT card.

## Overt Acts

9) In furtherance of the conspiracy and to effect the objects thereof, the defendant and Alfred Boyd, not indicted herein, and Chiquita Boyd, not indicted herein,

and others, both known and unknown to the Grand Jury, committed the following overt acts in the Middle District of Georgia:

    a)    Beginning on at least November 13, 2009, and continuing through on or about August 7, 2010, at various dates and times, Pamela Johnson and others, both known and unknown to the Grand Jury, contacted Alfred Boyd and/or Chiquita Boyd to make arrangements to obtain cash from Pamela Johnson's EBT card.

    b)    Pamela Johnson and others, both known and unknown to the Grand Jury, would provide Pamela Johnson's EBT card and/or card number along with her PIN to allow the transaction to be processed through the "point of sale" terminal at Northwind Mini Mart.

    c)    Pamela Johnson's EBT card would then be debited through the "point of sale" terminal at Northwind Mini Mart. The Food Stamp Program would then credit the bank account for Northwind Mini Mart for the amount that was debited from the defendant's EBT account.

    d)    Both Pamela Johnson and others, both known and unknown to the Grand Jury, and Alfred Boyd would each thereafter retain an amount of cash from the transaction.

From on or about November 13, 2009, through on or about August 7, 2010, in the Macon Division of the Middle District of Georgia,

**PAMELA JOHNSON,**

defendant herein, did knowingly and willfully conspire and agree with Alfred Boyd, not indicted herein, and Chiquita Boyd, not indicted herein, and with others, both known and unknown to the Grand Jury, to commit offenses against the United States, to-wit: to

knowingly use the defendant's EBT card in an unauthorized manner contrary to Title 7, United States Code Section 2011 et. seq., by presenting the defendant's assigned EBT card and/or card number and PIN to Northwind Mini Mart to improperly withdraw cash from the defendant's EBT card instead of obtaining food or other permissible grocery items in violation of the Food Stamp Program in an amount greater than one hundred dollars ($100.00); all in violation of Title 18, United States Code, Section 371 i/c/w Title 7, United States Code, Section 2024(b)(1); and Title 18, United States Code, Section 2.

## COUNT FOUR
### (Conspiracy to Commit Wire Fraud)

Paragraphs 1 through 9 of Count Three of the Indictment are incorporated by reference as if fully set forth herein.

From on or about November 13, 2009, through on or about August 7, 2010, in the Macon Division of the Middle District of Georgia,

**PAMELA JOHNSON,**

defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with Alfred Boyd, not indicted herein, and with Chiquita Boyd, not indicted herein, and with others, both known and unknown to the Grand Jury, to knowingly devise and participate in a scheme and artifice to defraud the Food Stamp Program, and to obtain money from the Food Stamp Program by means of material false and fraudulent pretenses, representations, and promises, by transmitting and causing to be transmitted by means of wire communication in interstate or foreign commerce, writings, signs, and signals, which were processed through a "point of sale" machine at Northwind Mini Mart, which then triggered JPMC-EFS to settle the transaction by moving the funds from

the ASAP account in Richmond, Virginia, for the purpose of executing such scheme and artifice; all in violation of Title 18, United States Code, Section 1349 i/c/w Title 18, United States Code, Section 1343.

A TRUE BILL.

_____
s/FOREPERSON OF THE GRAND JURY

Presented By:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

_____
JULIA C. BOWEN
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this _12_ day of December, AD 2012.

_____
Deputy Clerk